STATE OF NEBRASKA, APPELLEE, V. JAMES E. PAPPAS, APPELLANT.
424 N.W.2d 604

Filed June 17, 1988.   No. 87-632.

Kirk E. Naylor, Jr., for appellant.

Robert M. Spire, Attorney General, and William L. Howland, and Michael G. Heavican, Lancaster County Attorney, and John A. Colborn, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

The defendant, James E. Pappas, was charged in a third amended information with aiding and abetting Kimberly Peters to willfully and falsely swear to a signature upon an initiative petition for a state-run lottery in violation of Neb. Rev. Stat. §§ 32-705 (Cum. Supp. 1986) and 32-713 (Reissue 1984). The defendant's motion to quash the information, on the grounds that the statutes were unconstitutional as vague and overbroad, that they infringed upon the defendant's right to freedom of speech and to petition the government, and that they violated Neb. Const. art. III, §§ 2, 3, and 4, was overruled.

A jury was waived and the case submitted to the trial court upon a stipulation of facts. The defendant was found guilty, fined $2,000, and placed on probation for 2 years.

The defendant has appealed and has assigned as error the ruling on the motion to quash and the sufficiency of the evidence to sustain the finding of guilty.

The stipulation of facts shows that the Nebraska Taxpayers Lottery Committee was formed by Senators Bernice Labedz, John DeCamp, and the defendant, pursuant to Neb. Rev. Stat. §§ 32-702 et seq. (Reissue 1984 & Cum. Supp. 1986). In the spring of 1986, the committee filed a copy of the form of an initiative petition to allow a state-run lottery with the Secretary of State. During this time, the defendant was a resident and registered voter in Lincoln County, Nebraska, and was not a

bonded circulator in the initiative petition drive. Kimberly Peters, who was employed in the office of the defendant, Senator Pappas, was a resident and registered voter in Lancaster County, Nebraska, and became a bonded circulator in the petition drive.

Walter Radcliffe, a lobbyist hired by Lottery Consultants of Nebraska, Inc., of Omaha, assisted in the petition effort.

In June of 1986, the defendant signed the affidavit as a circulator on a number of initiative petitions which had been circulated in Lincoln County, Nebraska. Also in June of 1986, the defendant was informed by Bruce Cutshall, a lobbyist sharing offices with Walter Radcliffe, that it was Cutshall's understanding that the Secretary of State had interpreted the petition laws to prohibit the defendant from circulating petitions to Lincoln County residents while the defendant was in Lancaster County, Nebraska.

On July 1, 1986, Peters told the defendant that Radcliffe had offered her $1,000 if she could secure 1,000 signatures on petitions. Peters said that she would like to have July 2, 1986, off from work to collect signatures. The defendant said that it sounded like a good way to make some money, and she could have the day off from work. Peters asked the defendant if he could get her some signatures to help her get 1,000 signatures, and he said he would see what he could do.

On July 2, 1986, while in North Platte, Nebraska, the defendant presented Lincoln County petition No. 111 to a number of persons who signed the same as petitioners. Later on that date, the defendant returned to Lincoln, Nebraska, and delivered the petition to Kimberly Peters. At the time the petition was delivered to Peters, the affidavit of the circulator had not been signed.

The defendant knew that Peters had not been present in North Platte, Nebraska, when he had obtained the signatures of the petitioners, nor had Peters communicated with any of the petitioners regarding their signing of the petition. Further, the defendant knew that Peters intended to execute the petition as circulator after he had delivered it to her.

On July 3, 1986, Peters took the initiative petition to the defendant's office in Lancaster County, Nebraska, where she

completed the affidavit as circulator, signing her name as circulator. At that time Christie Dibbern, a notary public for the State of Nebraska, notarized the signature of Kimberly Peters and signed her own name as notary on the petition.

On July 3, 1986, the defendant, while in Lincoln, Lancaster County, Nebraska, presented Lancaster County petition No. 93 to a number of persons who signed the petition as petitioners. As a part of that process, the defendant, at approximately 4:15 p.m. on July 3, 1986, presented the petition to Ronald Goldenstein in the NSEA building in Lincoln, Lancaster County, Nebraska. Further, at that time the defendant told Goldenstein that " 'it was close and near the deadline and every vote would count.' " Peters was not present within the NSEA building at the time the petition was signed by Goldenstein, nor did she explain the legal effect and nature of the petition to Goldenstein. The defendant then took the petition to the office of Walter Radcliffe in Lancaster County, Nebraska. Present in Radcliffe's office, among other persons, was Peters, who then completed the affidavit as circulator of Lancaster County petition No. 93 and signed her name as circulator of the petition. Further, Peters completed the affidavit as circulator on the petition knowing that she had not in fact presented the petition to Goldenstein for his signature and that she had not explained to him the legal effect and nature of the petition in question.

The petition was signed by Peters as circulator prior to 4:55 p.m. on July 3, 1986, while at the office of Walter Radcliffe in Lancaster County, Nebraska, and her signature was notarized by Bernice Labedz, who signed her name as notary public on the petition.

At approximately 4:55 p.m. on July 3, 1986, Lancaster County petition No. 93 was filed with the Secretary of State of the State of Nebraska. Lincoln County petition No. 111 was filed with the Secretary of State of the State of Nebraska on a date and time prior to 5 p.m. on July 3, 1986. True and correct copies of Lincoln County petition No. 111 and Lancaster County petition No. 93 were attached to the stipulation.

Section 32-705 provides as follows:

Every sheet of every petition mentioned in sections

32-702 to 32-704 containing signatures shall have upon it and below the signatures an affidavit in substantially the following form:

STATE OF NEBRASKA )

                  ) ss.

COUNTY OF _____ )

_____, being first duly sworn,
Name of Circulator

deposes and says that he or she is the circulator of the foregoing petition containing _____ signatures; that he or she is a registered and qualified voter of the State of Nebraska and county wherein the signatures were obtained; that each person whose name appears on the petition sheet personally signed the petition in the presence of affiant; that the date to the left of each signature is the correct date on which the signature was affixed to the petition and that the date was personally affixed by the person signing such petition; that affiant believes that each signer has stated his or her name, street, and street number or voting precinct, and his or her city, village, or post office address correctly; that each petitioner when he or she signed this petition was a legal and qualified voter of the state and county and qualified to sign the same, and that affiant stated to each petitioner before he or she affixed his or her signature the legal effect and nature of such petition.

_____
Circulator

_____
Address

    Subscribed and sworn to before me, a notary public, this _____ day of _____, 19___, at _____, Nebraska.

_____
Notary Public

Every sheet of every petition mentioned in sections 32-702 to 32-704 containing signatures shall have upon it and above the signatures a statement in substantially the following form:

WARNING: Any person signing any name other than his or her own to any petition, any person knowingly signing his or her name more than once for the same measure at one election, any person who is not, at the time of signing or circulating the same, a registered voter and qualified to sign or circulate the same, any person who falsely swears to any signature upon any such petition, any person who accepts money or other things of value for signing the petition, any circulator who offers money or other things of value in exchange for a signature upon any such petition, or any officer or person willfully violating any provision of sections 32-702 to 32-713 shall be guilty of a felony and shall, upon conviction thereof, be punished by a fine not exceeding five hundred dollars, by imprisonment in the Department of Correctional Services adult correctional facility not exceeding two years, or by both such fine and imprisonment. Such statement shall be printed in boldfaced type.

If the circulator has given the bond provided for in this section, the words and county wherein the signatures were obtained may be omitted from the statement of the circulator's voting qualification in the foregoing form of affidavit.

Every circulator of a petition shall be of the constitutionally prescribed age or upwards, and a resident and a registered and qualified voter of the State of Nebraska and of the county wherein the petitioners reside, except that any person, otherwise qualified, may circulate one or more petitions outside of the county of his or her residence if he or she shall first have filed with the Secretary of State a bond, approved by the Attorney General, in the sum of five hundred dollars, conditioned that in the procuring of signatures to such petition or petitions he or she will conform to all the requirements of sections 32-702 to 32-713. Such bond shall set forth the complete name and address of the bonded circulator. No petition or petitions other than those whose titles appear in the bond application shall be circulated by such bonded circulator. Any circulator circulating petitions under

sections 32-702 to 32-713 shall not be hired and salaried for the express purpose of circulating petitions. A circulator may be paid for his or her expenses incident to circulation of petitions, such as meals, travel, and lodging. All signatures secured in a manner contrary to sections 32-702 to 32-713 shall not be counted. Clerical and technical errors in a petition shall be disregarded if the forms herein prescribed are substantially followed.

Section 32-713 provides as follows:

Every person who is a qualified elector of the State of Nebraska may sign an initiative or a referendum petition of any measure upon which he or she is legally entitled to vote; *Provided*, that no elector shall be qualified to sign or circulate any initiative or referendum petition unless he or she shall be registered as an elector at the time of signing, or unless he or she shall file with the petition an affidavit setting forth the fact that he or she is a qualified elector. Each signer shall at the time of signing, personally affix the date, his or her surname, and Christian or given name in full, except that the middle name or initial may be omitted, and if the Christian or given name is an initial only, the signer shall so state below the name at the time of signing. In addition to the date and his or her signature and printed name, except that no printed name shall be required if his or her signature is legible, the signer shall personally affix the street and street number, or if no street or number exists then a designation of a rural route, or the voting precinct and city or village or post office address. No signer shall use ditto marks as a means of personally affixing the date or address to any petition. A wife shall not use her husband's Christian or given name when she signs a petition, but rather, she shall personally affix her Christian or given name along with her surname. The petition shall conform with the requirements of section 32-4,156. The express purposes of the provisions of this section are to aid and assist the Secretary of State and the county clerk or election commissioner in determining the validity of signatures, the electoral qualifications of the signers, and sufficiency of the petition, and to prevent

fraud, deception, and misrepresentation in the circulation and signing of a petition. Any person signing any name other than his or her own to any petition, or knowingly signing his or her name more than once for the same measure at one election, or who is not, at the time of signing or circulating the same, a legal voter and qualified to sign or circulate the same, or any person who shall falsely swear to any signature upon any such petition, or any person who accepts money or other things of value for signing any petition, or any circulator who offers money or other things of value in exchange for a signature upon any petition, or any officer or person willfully violating any provision of sections 32-702 to 32-713, shall be guilty of a Class IV felony.

Each of the affidavits which Peters executed on the petitions referred to in the stipulation recited that she was the circulator of the petition; that she was a registered voter in the county where the signatures were obtained; that each person who signed the petition did so in her presence; and that she stated to each petitioner, before the petitioner's signature was affixed, the legal effect and nature of the petition.

The stipulation clearly shows that Peters was not the circulator of either petition; that Peters was not a resident or elector of Lincoln County, Nebraska; that none of the petitioners signed the petition in her presence; and that she did not explain the legal effect and nature of the petition to any of the petitioners. It is equally clear that the defendant aided, abetted, and procured her false swearing to the signatures upon the petitions. The evidence was sufficient for the trial court to find the defendant guilty beyond a reasonable doubt.

With respect to the defendant's other assignments of error, all of the defendant's contentions are considered and discussed in *State v. Monastero, ante* p. 818, 424 N.W.2d 837 (1988), decided today. For the reasons stated in the *Monastero* case, we determine that the defendant's other assignments of error are without merit.

The judgment is affirmed.

AFFIRMED.